BLANCHE, Judge.
Ecco High Frequency Corporation, a New Jersey corporation, is appealing a judgment in a redhibition action allowing Hi Pure Industries, Ltd., $10,796.16, representing the purchase price, and consequential damages of $2,500.00.
An officer of plaintiff, Hi Pure Industries, Ltd., a Louisiana corporation domiciled in French Settlement and engaged in the development of a process to purify metals, contacted defendant Ecco in New Jersey to acquire an oscillator to be used in plaintiff’s development of a new process to purify aluminum. A demonstration of a used twenty-kilowatt power oscillator was made at the New Jersey plant and a sale was made. The machine, costing $7,600.00, was shipped to French Settlement. Accessories, costing $2,780.00, were shipped separately. The machine failed to work properly in French Settlement. A representative of defendant, the vendor-manufacturer, came to French Settlement and, at his suggestion, the machine was returned to New Jersey to correct its malfunction. A representative of plaintiff went to the New Jersey factory of defendant after the repairs were completed and witnessed the machine being operated at a high temperature. However, when the machine was returned to French Settlement, it would not function properly, and the plaintiff filed suit alleging redhibitory vices in the machine.
Defendant specified in its brief that the trial court had committed error (1) in failing to allow the defendant a credit for the price of the goods which were kept by the plaintiff and which the plaintiff continued to use, (2) in allowing the plaintiff to rescind the purchase of the high frequency oscillator based on redhibition and (3) in allowing the plaintiff to recover $2,500.00 in consequential damages.
As to the first error, the plaintiff in its brief agreed that the trial court had made a “technical error” with regard to the amount of $2,780.00 for goods purchased from defendant and which plaintiff continued to use. In view of this agreement by the parties, we hold that the judgment should be diminished by the sum of $2,780.00.
Regarding the second specification of error, we conclude from the testimony in the record that the representatives of plaintiff made it clear that the purpose of purchasing the oscillator was to melt aluminum which was necessary in the development of the aluminum purifying process; it was undisputed that the machine failed to melt aluminum when it was installed at French Settlement; and the defendant vendor was provided ample opportunity to correct any malfunction of the machine. Since the record fails to reveal any intervening cause that would prevent the machine from performing for the purpose for which it was purchased, it is our conclusion that the trial court was correct in determining that the sale of the machine should be rescinded in conformity with LSA-C.C. art. 2520, which provides:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
As to consequential damages, the plaintiff in his petition asked for $28,501.93. This covered a period of nine months’ expenses which the plaintiff alleged had been incurred in trying to start the Ecco machine. At the trial approximately seventy pages of testimony were taken to discuss, item by item, the checks involved in the alleged expenses. Our meticulous reading of this lengthy testimony left our minds more in a state of confusion than clarity. Consequently, we do not question the weight which the trial court gave to the evidence presented in support of the consequential damages suffered by plaintiff as a *1045 result of the machine’s nonperformance and affirm the award of $2,500.00 for damages which are the immediate and direct consequence of a breach of contract. LSA-C.C. arts. 1934 and 2545.
Accordingly, the judgment of the trial court is amended so as to reduce the award to plaintiff for the purchase price to the sum of $8,016.16. In all other respects, the judgment is affirmed. The costs are to be paid by the defendant-appellant.
AMENDED, AND AS AMENDED, AFFIRMED.